**Gurmeet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70841.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 29, 2005.*

Decided Dec. 5, 2005.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Earle B. Wilson, Esq., Leslie McKay, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Gurmeet Singh, a native and citizen of India, petitions for review from the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's decision denying his claim for asylum, withholding of deportation, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review the BIA's credibility determination for substantial evidence. *See Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir.2003). We deny the petition for review.

The BIA concluded that Singh was not credible because two of the documents he submitted into evidence appeared to be fraudulent. Two documents regarding his medical treatment were dated 1999, although Singh had testified that he received them in 1993 and 1996. These documents appeared to have been typed on the same typewriter as affidavits from Singh's father and uncle (also dated 1999), even though the medical records were purportedly from two hospitalizations after two

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

earlier arrests three years apart. Singh's explanation for these anomalies was evasive and inconsistent. He never denied that the documents were typed on the same typewriter.

These documents were central to Singh's claim, and there was ample indication that Singh knew the documents were fraudulent. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004) (fraudulent documents going to heart of claim may justify adverse credibility finding); *Yeimane–Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir.2004) (to support adverse credibility finding, applicant must know documents were fraudulent). There thus was substantial evidence to support the conclusion that Singh was not credible.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.